UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MALCOLM CRUNK, et al.                                                                    PLAINTIFFS

v.                                                                    CIVIL ACTION NO.  3:06CV-609-DW

DEAN MILK CO., INC., et al.                                                             DEFENDANTS

### MEMORANDUM OPINION

This matter is again before the Court at the request of Dean Milk Co., LLC, ("Dean Milk").  Dean Milk asks the Court to reconsider that portion of its memorandum opinion of June 17, 2008 (DN 82) in which the Court concluded that a genuine issue of material fact precludes summary judgment in favor of Dean Milk on the ostensible agency theory of vicarious liability raised by the Plaintiffs, Malcolm and Chammie Crunk.  In its opinion, the Court concluded at pp. 18-21 that ultimately the jury must determine whether the circumstantial evidence was sufficient to show that Malcolm Crunk justifiably relied on the implied representation that the delivery driver, William Armes, was acting agent for Dean Milk at the time of the accident.  (Id.).

Dean Milk now argues that the Court's conclusion, if left unaltered, would be manifestly unjust to it given the Court's misapplication of the controlling Kentucky case law on ostensible agency doctrine.  Essentially, Dean Milk appears to contend that the prior opinion of the Court writes out of the law the element of "justifiable reliance" which underlies the doctrine. Additionally, Dean Milk maintains that subsequent discovery has produced new evidence, the deposition testimony of Malcolm Crunk, that conclusively establishes the absence of any reliance, express or otherwise, that would raise a triable issue under the ostensible agency theory of vicarious liability.  (DN 84).  The Crunks have filed a response to these arguments (DN 88) in

which they focus on Kansallis Financial Ltd v. Fern, 659 N.E. 2d 731, 734 (Mass. 1996) as their rebuttal to the arguments of Dean Milk. Dean has replied (DN 90). Accordingly, the matter is ripe for consideration.

**Legal Analysis.**

No need exists to restate the factual background of the present suit. The Court in its prior memorandum opinion set forth the facts related to Malcolm Crunk's injury at pp. 1-5 of its opinion. Neither party points to any deficiency in the Court's recitation of the facts. Accordingly, the Court now incorporates the same by reference as if fully set forth herein. Where appropriate, the Court will discuss the recent deposition testimony of Plaintiff Malcolm Crunk.

The gravamen of Dean Milk's request for consideration is that the Court in a prior opinion overlooked the necessary element of justifiable reliance when it analyzed the Crunks' claim of vicarious liability based on the doctrine of ostensible agency. Dean Milk maintains that the Crunks were required to come forward with direct evidence of Malcom's justifiable reliance on the presumed status of Armes as an agent of Dean Milk in order for the Crunks' claim of liability based on ostensible agency to survive dismissal as a matter of law. Dean Milk again put before the Court the language of the Restatement (Second) of Agency § 267 (1958) to emphasize that such a claim cannot survive dismissal absent proof that the injured party "submitted to the skill and care of the alleged apparent agent in response to an invitation from the Defendant to enter into such a relationship with the agent." Id. See also Paintsville Hosp. Co. v. Rose, 683 S.W.2d 255, 258 (Ky. 1985) (discussing § 267 of the Restatement (Second) of Agency). Dean

Milk maintains that such "submission to the care and skill of the apparent agent" simply does not arise in scenarios such as the present personal injury case, where the injured party and the alleged ostensible agent come together, sometimes abruptly, purely by chance.

The Court does not disagree with any of these propositions. Certainly, justifiable reliance is an essential element of the apparent agency doctrine. In fact, it is the essential basis of liability, as without reliance, the actions of the defendant in permitting an individual to appear to be its agent are causally unrelated to the injuries suffered by the plaintiff. To the extent that the Court's prior memorandum opinion can be read otherwise, such an opinion would be contrary to Kentucky law as Dean Milk claims.

The Court in its prior opinion did not remotely intend to suggest that justifiable reliance is somehow no longer an essential element of a vicarious liability claim that is based on ostensible agency. Apparently, the possible confusion concerning the scope of the Court's ruling is found in a sentence quoted by Dean Milk from the final paragraph on page 20 of the Court's memorandum opinion. That paragraph is now reproduced below with the portion cited by Dean Milk in bold print:

> These circumstances raise genuine issues of material fact that a jury must determine. Essentially, **the jurors will need to resolve the question of whether a reasonable person in the circumstances of Malcolm Crunk would have had reason to know that Armes was working for Quickway at the time of the accident**. If so, circumstantial evidence will not be sufficient. If, however, the jury determines that a reasonable person would *not* have known that Armes was an employee of Quickway, rather than Dean Foods, then the jury must determine whether the circumstantial evidence was sufficient for Malcolm Crunk to justifiably rely on the implied representation that Armes was the agent of Dean. The Court is not in a position to resolve this question as a matter of law, and indeed, believes that to do so would be inappropriate under the standard of Rule 56(c). For this

>reason, the motion of Dean for summary judgment on the claim of ostensible agency is denied.

(DN 82, p. 20) (emphasis added) (footnote omitted).

When one examines the entire paragraph, the context of the second sentence becomes more clear. The intention of the Court was not to suggest that justifiable reliance is no longer an element of an ostensible agency claim. The Court, instead, intended to structure its analysis of the Crunks' ostensible agency claim in a two-part manner. The first phase was to determine whether direct or circumstantial evidence of reliance would be required to be shown. If the jury determined from the proof that Malcolm Crunk had reason to know that the Quickway driver, Armes, was in fact working for Quickway, then direct evidence of justifiable reliance would be required in order for the Plaintiffs to prevail. On the other hand, if reasonable jurors determined that an individual in Malcolm Crunk's position would not have known that Armes was a Quickway driver, as opposed to a Dean's driver, then the Crunk's need only present circumstantial evidence of justifiable reliance combined with resulting injury in order to prevail on their claim. At the time the Court offered this analysis, it believed that the record was not sufficiently established to appropriately grant summary judgment to Dean Milk.

Dean Milk has now come forward with evidence in the form of Malcolm Crunk's own deposition testimony that establishes no reliance, justifiable or otherwise, by Crunk on the potential status of driver Armes as the apparent agent of Dean Milk. Crunk and Armes had no interaction whatsoever before Armes lost control of the pallets he was unloading at Wal-Mart, thereby injuring Crunk. Because Dean Milk has come forward to show an absence of proof on an essential element of this claim of the Plaintiffs, it became incumbent for the Plaintiffs to point

to evidence of record on which a reasonable juror could rely to find that Malcolm Crunk justifiably relied on the apparent status of Armes as a Dean's driver to his detriment.

The response filed by the Crunks fails to point out any such evidence of justifiable reliance. Accordingly, under the summary judgment case law discussed in the Court's original memorandum opinion, Dean Milk is entitled to summary judgment in its favor on this sole remaining claim of vicarious liability. Accordingly, all claims against Dean Milk are **DISMISSED** pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. A separate order to this effect shall be entered by the Court.

Copies to Counsel of Record